UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CASE No. 1:99-cr-142-MEF |
| ) | (WO) |
| WILLIE JAMES REED ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Now pending before the court are several *pro se* motions by federal inmate Willie James Reed ("Reed") relating to his criminal case. Reed challenges the sentence imposed on him in 2001 for conspiring to possess with intent to distribute cocaine. He argues that the probation officer incorrectly calculated his criminal history category which he says resulted in him receiving a much more severe sentence. For the reasons now discussed, the court concludes that Reed's motions to amend (docs. # 409, 417 & 418) and motion to dismiss indictment (doc. # 403) should be dismissed as unauthorized successive § 2255 motions.[1]  *See* 28 U.S.C. §§ 2244(b)(3)(A) & 2255(h).

**I.   DISCUSSION**

This is not the first 28 U.S.C. § 2255 motion filed by Reed attacking his conviction and sentence in *United States v. Reed,* Case No. 1:99-cr-142-MEF (N.D. Ga. 2001). Reed's first § 2255 motion was filed on April 18, 2002. *See* Doc. # 338. On April 16, 2003, the

---

[1] On April 19, 2012, the court notified the defendant, in accordance with *Castro v. United States*, 540 U.S. 375 (2003), of the court's intention to re-characterize his pleadings as § 2255 motions. In response to the court's *Castro* order, Reed filed a motion to amend/correct his motion to vacate (doc. # 417) and a supplemental second motion to amend his motion to vacate. (Doc. # 419).

court denied that § 2255 motion, deciding all claims adversely to Reed. *See* Doc. # 345 (*Order of District Court Judge Denying Motion to Vacate Sentence*). Judgment was entered on May 7, 2003. (Doc. # 347). The district and appellate courts denied Reed a certificate of appealability.

On March 9, 2005, Reed filed a second motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. # 356). On March 31, 2005, the court denied Reed's § 2255 motion on the merits and as a successive petition, and entered judgment against him. (Doc. # 357 & 358). On September 8, 2005, Reed filed a motion for reconsideration (doc. # 359) which was denied on July 27, 2006. (Doc. # 363).

In the motions pending before the court, Reed seeks to amend the 28 U.S.C. § 2255 motion that he filed on April 18, 2002. Specifically, on October 17, 2011, Reed filed a motion to amend his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. # 409). On June 18, 2012, Reed filed a motion to amend or correct his motion to vacate (doc. # 417), and on July 2, 2012, Reed filed a supplemental second motion to amend his motion to vacate (doc. # 418). The court denied Reed's first § 2255 motion on the merits on April 16, 2003. *See* Doc. # 345.

In the pending motions to amend, Reed seeks to pursue sentencing issues and ineffective assistance of counsel claims that he raised previously in his first § 2255 motion. (Doc. # 417 at 4). Fed.R.Civ.P. 15(a) instructs that leave of the court to amend pleadings "shall be freely given when justice so requires." Further, Fed.R.Civ.P. 15(c) provides that

2

"[a]n amendment of a pleading relates back to the date of the original pleading when ... the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." *See* FED.R.CIV.P. 15(c)(2). "'Relation back' causes an otherwise untimely claim to be considered timely by treating it as if it had been filed when the timely claims were filed." *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000). Reed's attempts to amend his motion, pursuant to FED.R.CIV.P. 15(c), are a thinly veiled effort to relitigate his claims by asserting that the claims presented in his instant motion relate back to claims contained in his original § 2255 motion, even though the pending motions to amend were filed several years after his conviction became final.

It is, however, unnecessary for this court to determine whether any of Reed's claims "relate back" to any conduct, transaction, or occurrence set forth in his original § 2255 motion because that motion has already been denied on the merits well before Reed filed any of his motions to amend. The denial of Reed's previous motion rendered his case closed and not properly subject to amendment. Therefore, there was no pending § 2255 motion for his new claims to relate back to. *See Whitaker v. City of Houston, Tx.*, 963 F.2d 831, 834-35 (5th Cir. 1992); *Warren v. Garvin*, 219 F.3d 111, 114 (2nd Cir. 2000) ("the 'relation back' doctrine is inapplicable when the initial habeas petition was dismissed, because there is no pleading to which to relate back"). *See also Jones v. United States*, 304 F.3d 1035, 1043 n.16 (11th Cir. 2002) (because petitioner's new § 2255 motion was not filed until after his

previous § 2255 motion had been denied by the district court, his new motion could not be considered an "amendment" to the previous § 2255 motion with claims relating back to the previous motion).

In *Hubbard v. Campbell*, the Eleventh Circuit Court of Appeals held that where a habeas petitioner seeks to file a pleading in the district court purporting to be an amended petition for habeas relief after the district court has reviewed and denied a previous habeas petition on its merits, the "amended petition" is properly regarded as a successive petition, requiring authorization from the court of appeals. 379 F.3d 1245, 1246-47 (11th Cir. 2004). Thus, this court considers Reed's present motions to amend (docs. # 409, 417 & 419) to be successive motions to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.[2]

Reed also filed a motion to dismiss indictment and judgment (doc. # 403) attacking his sentence based on alleged misconduct by the presiding Judge. 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a conviction and sentence, unless the remedy is inadequate or ineffective. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Broussard v. Lippman*, 643 F.2d 1131, 1134 (5th Cir. 1981); *Lane v. Hanberry*, 601 F.2d 805 (5th Cir. 1979).[3] The remedy afforded by § 2255 is not deemed inadequate or ineffective

---

[2] The basis for the holding in *Hubbard*, which involved a state prisoner in proceedings under 28 U.S.C. § 2254, applies equally to § 2255 proceedings and federal prisoners. There is no material difference in the relevant statutory language pertaining to successive § 2254 petitions and successive § 2255 motions, *see* 28 U.S.C. § 2244(b)(3)(A) & § 2255 ¶8, or in how the issues arising from that language should be resolved. *See Burns v. United States*, 152 Fed.Appx. 887 (11th Cir. 2005) (per curiam).

[3] *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

merely because an inmate's motion is barred by the applicable one-year limitation period or the gatekeeping provision on successive petitions contained in 28 U.S.C. §§ 2255 & 2244(b)(3)(A). *See Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998). Moreover, "[t]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision. . .." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citations omitted). A federal prisoner cannot escape the procedural restrictions placed on § 2255 motions by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") simply by characterizing his pleadings in a manner designed to avoid those procedural restrictions. *See Wofford*, 177 F.3d at 1244-45. "Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990). Because Reed's motion to dismiss the indictment (doc. # 403) is an attack on the validity of his conviction and sentence, it is also properly characterized as a successive motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. *See United States v. Holt,* 417 F.3d 1172, 1175 (11th Cir. 2005); *Carter v. United States*, 405 Fed. Appx. 409, 410 (11th Cir. 2010).

Reed seeks relief from the court that is appropriate only under 28 U.S.C. § 2255. Thus, regardless of Reed's own labeling of his pleadings, the court finds that his pleadings are of the same legal effect as, and should be construed as, motions to vacate, set aside, or

correct under 28 U.S.C. § 2255. Reed has previously filed two § 2255 motions attacking his 2001 conviction and sentence. Thus, Reed's motions to amend and motion to dismiss are properly characterized as motions to vacate, set aside or correct sentence under 28 U.S.C. § 2255.

A second or successive § 2255 motion in the district court requires the movant first to move in the appropriate court of appeals for an order authorizing the district court's consideration of the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255 ¶8.

The pleadings and documents in this case reflect that Reed has not received certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion. Accordingly, this court lacks the jurisdiction to consider Reed's present motion, and the motion is due to be summarily dismissed. *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Sec'y, Dep't. of Corrs.*, 377 F.3d 1315, 1317 (11th Cir. 2004); *see also Hubbard, supra*, 379 F.3d at 1246-47.

## II.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the § 2255 motions (docs. # 403, 409, 417 & 418) be denied and this case dismissed, as Reed has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **May 8, 2013.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc).

Done this 24th day of April, 2013.

                                                  /s/Charles S. Coody
                                                  CHARLES S. COODY
                                                  UNITED STATES MAGISTRATE JUDGE